UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD ALTANTAWI,

        Plaintiff,

v.

BOUCHARD, et al.,

        Defendants.

Case No. 2:22-cv-11906
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 39) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR UPDATE AND CLARIFICATION ON INITIAL SCHEDULING ORDER  (ECF NO. 41)**

      This matter arises from Plaintiff Muhammed Altantawi's requests for medical and dietary accommodations during the time he was held as a pretrial detainee in Oakland County Jail.  (ECF No. 38, PageID.265-66.)  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs by failing to provide him with a diet consisting of foods free from soy and gluten. (ECF No. 38, PageID.267.)  Plaintiff brought suit on August 16, 2022, but his September 25, 2023 Amended Complaint is the operative pleading.  (ECF No. 38.)

      Judge Goldsmith referred this case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28

1

U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 36, PageID.239.)

## I. Motion to Compel

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3). "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### A. Plaintiff's First Request for Production of Documents

Plaintiff first seeks to compel production of documents responsive to his First Request for Production of Documents. In these requests, Plaintiff sought certain documents related to Plaintiff's institutional file at Oakland County Jail ("OCJ") and other documents from OCJ. In Request for Production ("RFP") No. 2,[1] Plaintiff sought all "written statements, reports, grievances, and responses, and correspondence . . . regarding Plaintiff's 'healthcare requests during his incarceration at [OCJ]." (ECF No. 39, PageID.296,299.) Defendants objected that this RFP sought documents in the custody, possession, and control of OCJ, not in the custody of Defendants. (ECF No. 39, PageID.299.) Defendants further stated,

---

[1] Defendants provided responses to RFP No. 1, and Plaintiff does not appear to challenge that response.

2

however, that they had obtained 490 pages of records from OCJ, and would provide them to Plaintiff if he paid the copying cost of $122.50 ($.25 per page). (*Id.*) In RFP Nos. 2-7, Plaintiff requested additional OCJ records (rules, regulations, policies, kites, grievances, etc.). (ECF No. 39, PageID.29697, 299-301.) With respect to each of these requests, Defendants indicated that they were not the custodians of such records and documents, and thus had no responsibility to produce the documents. It is true that, under Rule 34, a party can be served with requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items *in the responding party's possession, custody, or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added).

Because Defendants are not the custodians of the documents sought in Plaintiff's First Request for Production of Documents, they are not obligated to produce the documents. Moreover, as to the documents which Defendants had obtained from OCJ, the Court agrees that it was proper to first require payment of the copying costs before providing them to Plaintiff. "[U]nder the American rule, each party bears its own costs in litigation." *Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir. 1988). Despite his having been granted *in forma pauperis* status, Plaintiff is not exempt from having to pay all costs incurred in obtaining discovery materials. *See, e.g., Cowan v. Miller,* No. 2:15-CV-12428, 2016 WL 6030082, at *2 (E.D. Mich. Oct. 14, 2016) (Patti, M.J.) (citing *Smith v. Yarrow*, 78 Fed. App'x

3

529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding in forma pauperis may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendants pay for an indigent prisoner's discovery efforts.")).  Because it is not appropriate to mandate that Defendants obtain records from a third party, or to provide records they received from a third party custodian without payment, I will **DENY** the request to compel documents responsive to Plaintiff's First Request for Production of Documents.

### B.  Plaintiff's Second Request for Production of Documents

Plaintiff also asks the Court to compel production of documents responsive to his Second RFPs.  Plaintiff has attached to his motion the complete requests and responses from Defendants.  (ECF No. 39, PageID.308-313.)  First, with respect to Defendants' responses that stated documents would be produced after Plaintiff provided payment for the copying costs, for the reasons stated above, the Court agrees that such a response was appropriate.  (*See* 2nd RFP, Nos. 4-5, ECF No. 39, PageID.310.)  These documents appear to be the same documents referenced in the first RFPs, and it is reasonable for Plaintiff to bear his own costs of litigation. *See Cowan,* 2016 WL 6030082.

Next, with respect to documents which Defendants claim they do not have any records responsive to the request, the Court cannot compel discovery which

4

Defendants simply do not have. (*See* 2nd RFP Nos. 1, 2, 3, 8, ECF No. 39, PageID. 308-311.)

As to RFP No. 7, Defendants objected that the request was "vague, unduly, burdensome, overly broad and constitutes a fishing expedition," and the Court agrees. (ECF No. 39, PageID.311.) Plaintiff requested "[a]ll medical accommodations available, on paper, to inmates, including special diets, etc. and [the] circumstances under which they are supposed to be provided by the above-named Defendants." (*Id.*) Defendants had already provided the policy regarding medical diets in response to RFP No. 2, and the policy regarding medical records and grievances for healthcare complaints in response to RFP No. 6. Producing *all* available medical accommodations, over and above what had already been provided, is unduly burdensome. The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case* . . ." Fed. R. Civ. P. 26(b)(1). Plaintiff's request in RFP No. 7 is not proportional to the needs of the case and will be denied.

Indeed, determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). To that end, a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio*

5

*Execution Protocol Litigation*, 845 F.3d 231, 236 (6ᵗʰ Cir. 2016) (citation omitted). As with RFP No. 7, Plaintiff also makes a disproportional, overly broad request in RFP No. 10, where he requests "[a]ll disciplinary records of the above named defendants, including employment history, substantiated and unsubstantiated complaints, or grievances by employees, or inmates of any misconduct, investigation, and their outcomes, *and so on*." (Emphasis added.)  Similar requests by prisoner plaintiffs have been denied as overly broad, unduly burdensome, and not relevant.  *Dyess v. Mullins*, No. 1:16-CV-910, 2017 WL 3838642, at *5 (S.D. Ohio Sept. 1, 2017)(Bowman, M.J.) (denying motion to compel seeking all grievances, incident reports, disciplinary records, etc., against defendants) (citing *Williamson v. Hass*, 2014 WL 1652188 at *1 (E.D. Mich. Apr. 24, 2014); *Ammons v. Bell*, 2008 WL 426507 at * 2 (W.D. Tenn. Feb. 14, 2008); *Dearing v. Mahalma*, 2012 WL 524438 at *3 (S.D. Ohio Feb. 14, 2012).

Finally, in RFP No. 11, Plaintiff requests "[a] list of all lawsuits, including the court where they were filed and the docket information, in which the above listed defendants were named."  (ECF No. 39, PageID.312-13.)  Defendants objected to this request stating:

> Defendants object on the basis that Defendants are unaware how many times they have been sued for medical reasons, because prisoner pro se lawsuits sometimes are dismissed in whole or in part during the initial screening process.  Defendants do not receive notice of those lawsuits.  Defendants further object on the basis that they are not required to perform legal

6

research for Plaintiff to locate all lawsuits dismissed prior to service and lawsuits for which service has not yet been made.

(ECF No. 39, PageID. 312-13.)  The Court agrees that, as written, this RFP is overly broad for the reasons advanced by Defendants.  Nonetheless, the Court will narrow the request and require that Defendants require the requested information *as to any case brought against them in the past five years which survived screening and motions to dismiss.* The Court finds this information, as narrowed, to be reasonably tailored and proportional to the needs of the case.

## II.  Motion for Update and Clarification of Initial Scheduling Order

On May 13, 2024, while the motion to compel was still pending, Plaintiff filed a motion seeking an update on the status of the motion.  As the Court has now resolved the motion to compel, the Motion for Update is **DENIED AS MOOT.** To the extent the motion asked for an extension to any dates in the initial scheduling order, the motion is similarly **DENIED WITHOUT PREJUDICE** as Plaintiff has, thus far, failed to show good cause to extend any deadlines.

## III.  Conclusion

For the reasons stated above, Plaintiff's Motion to Compel (ECF No. 39) is **DENIED IN PART AND GRANTED IN PART**.  Defendants are **DIRECTED** to respond to Plaintiff's Second RFP No. 11, as narrowed by the Court, within **fourteen days of the date of this order**.  It is **DENIED** in all other respects.  .

The Motion for Update and Clarification of Initial Scheduling Order (ECF No. 41) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**[2]

Dated: June 20, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).