UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD ALTANTAWI,

    Plaintiff,                                      Case No. 22-CV-11906

vs.                                                HON. MARK A. GOLDSMITH

MICHAEL J. BOUCHARD, et al.,

    Defendant.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 6, 2025; (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS TO DEFENDANT WELLPATH; and (3) GRANTING THE MOTION AS TO ALL OTHER DEFENDNATS (Dkt. 45)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti, issued on February 6, 2025 (Dkt. 60). In the R&R, the Magistrate Judge recommends that the Court grant in part and deny in part Defendants' motion for summary judgment (Dkt. 45). Specifically, Judge Patti recommends the Court deny the motion without prejudice as to Defendant Wellpath due to the bankruptcy stay and grant the motion as to all other Defendants. (Dkt. 60).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court denies the motion without prejudice as to Defendant Wellpath due to the bankruptcy stay and grants the motion as to all other Defendants.

SO ORDERED.

Dated: February 25, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
HON. MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE