UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD ALTANTAWI,

    Plaintiff,

vs.

BOUCHARD, et al,

    Defendants.

Case No. 22-CV-11906

HON. MARK A. GOLDSMITH

**OPINION & ORDER (1) DENYING OBJECTIONS TO 2/6/25 REPORT AND RECOMMENDATION (Dkt. 62), (2) DENYING MOTION FOR RELIEF FROM REPORT AND RECOMMENDATION (Dkt. 65), and (3) ADOPTING 10/20/25 REPORT AND RECOMMENDATION AND GRANTING DEFENDANT WELLPATH'S UNOPPOSED MOTION TO DISMISS (DKt. 67)**

On February 25, 2025, the Court adopted Magistrate Judge Anthony P. Patti's February 6, 2025 Report and Recommendation (2/6/25 R&R) (Dkt. 61) and dismissed Defendants Shane Gibson, JoAnn Mitchell, and Vicki Warren with prejudice.[1]  2/25/25 Order (Dkt. 63).  At that time, over 14 days had passed and no objections to the R&R had been filed.

After the Court issued its February 25, 2025 Order, Plaintiff Muhammad Altantawi's objections were received with a postmark demonstrating that they were timely filed.  See Order Regarding Obj. and Deadlines (Dkt. 63).  Defendants Shane Gibson, Mitchell, and Warren filed a response to Plaintiff's objections (Dkt. 64).  On March 11, 2025, Altantawi filed a motion for relief from the Court's February 25, 2025 Order (Dkt. 65).  In it, he explained that he timely mailed his objections, which he urged the Court to grant.  Id.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred all matters to Magistrate Judge Anthony P. Patti.  11/16/22 O. of Reference (Dkt. 13).  In the February 25, 2025 Order, the Court also denied the motion for summary judgment without prejudice as to Defendant Wellpath.  Id.

On June 3, 2025, Defendant Wellpath moved to dismiss (Dkt. 67). Altantawi did not oppose the motion. On October 20, 2025, the magistrate judge issued an R&R recommending that the Court grant Wellpath's motion (10/20/25 R&R). (Dkt. 69).

For the reasons explained below, the Court denies Altantawi's objections to the 2/6/25 R&R, denies Altantawi's motion for relief from the Court's February 25, 2025 Order (Dkt. 65), adopts the 10/20/25 R&R (Dkt. 69), and grants Wellpath's motion to dismiss.[2]

## I. BACKGROUND

Altantawi was a pretrial detainee held in the Oakland County Jail until his transfer to the Michigan Department of Corrections (MDOC) Chippewa Correctional facility on September 28, 2022. Compl. at PageID.18 (Dkt. 1).

Altantawi's claims arise from Defendants' alleged response to Altantawi's various requests for medical and dietary accommodations during the time he was housed in the Oakland County Jail. Altantawi alleged that Defendants were deliberately indifferent to his serious medical needs by failing to provide him with a diet consisting of foods free from soy and gluten. Compl. at PageID.13. Altantawi further asserted that he made multiple requests for these accommodations through the Oakland County Jail grievance system, but to no avail. Id. at PageID.20–28.

Altantawi claims that Defendants' refusal to provide him with his requested dietary accommodations "forced [him] to survive on an average of between [approximately] 500 to 800 calories per day." Id. at PageID.18. He alleges that his diet at the Oakland County Jail caused him a number of health complications, including weight loss, brain fog, muscle wasting, and other unspecified complications. Id. at PageID.20.

---

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

2

As discussed above, the Court now considers Altantawi's timely-filed objections to the 2/6/25 R&R, his motion for relief, and the 10/20/25 R&R.

## II.     ANALYSIS

### A. Objections to the 2/6/25 R&R

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

Altantawi filed 14 objections to the 2/6/25 R&R. Obj. at PageID.811–821. In them, he disagrees with various aspects of the 2/6/25 R&R including, but not limited to, its statements that some of Altantawi's arguments are "difficult to discern," that some of Altantawi's arguments were "quibble[ing]" and "irrelevant," and that Altantawi was arguing "for argument's sake." Id. These arguments are denied. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Altantawi's objections also repeat many of the same arguments that he made in response to Defendants' motion, which the magistrate judge already considered and rejected. For example, he argues that his claims against Warren, Gibson, and Mitchell arise out of their acts and omissions. These restatements of his arguments are not valid objections because they fail to identify the "source" of any error. Howard, 932 F.2d at 509. They are not valid objections because they fail to identify a legal error in the 2/6/25 R&R.

The remainder of Altantawi's objections largely reiterate the same issue. They disagree with the 2/6/25 R&R's findings that Altantawi failed to set forth any evidence of a gluten or soy allergy and/or intolerance, and, therefore, his complaints that Defendants failed to treat him for such an affliction and otherwise violated his constitutional rights lack merit. Id. He complains that the 2/6/25 R&R should not have interpreted the "absence of evidence" of an allergy, intolerance, or other medical issue as an absence of "complaints and symptoms." Id. at PageID.814–815. In essence, Altantawi argues that his claims should be permitted to remain viable despite an absence of evidence supporting their basis. That is not how summary judgment works.

A court will grant a motion for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1985). Here, the 2/6/25 R&R found that Altantawi failed to set forth evidence in support of his case. Because he failed to show a genuine issue for trial, he failed to meet his burden and dismissal is appropriate.

Accordingly, the Court overrules Altantawi's objections. It finds that summary judgment in favor of Defendants Gibson, Mitchell, and Warren was proper. Therefore, the order granting these Defendants' motion (Dkt. 61) will not be disturbed.

### B. Motion for Relief

The Court denies Altantawi's motion for relief from judgment (Dkt. 65) for the reasons stated in the above section. Because his objections lack merit, and are otherwise improper

objections, the Court denies his motion for relief.

### C. 10/20/25 R&R

The parties have not filed objections to the 10/20/25 R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (emphasis in original) (failure to file an objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").

There is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the 10/20/25 R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

### III. CONCLUSION

The Court denies Plaintiff's objections to the 2/6/25 R&R, denies Plaintiff's motion for relief from the Court's February 25, 2025 Order (Dkt. 65), adopts the 10/20/25 R&R, and grants

5

Wellpath's motion to dismiss (Dkt. 67).  The case is dismissed with prejudice.

    SO ORDERED.

Dated: November 25, 2025      s/Mark A. Goldsmith
       Detroit, Michigan      MARK A. GOLDSMITH
                                             UNITED STATES DISTRICT JUDGE